# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP DEWAYNE STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-6 DDN |
| | ) | |
| OFFICER JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Phillip Dewayne Stewart (prison registration number 151956) for leave to commence this civil action *in forma pauperis*, or without prepayment of the filing fee. ECF No. 4. While incarcerated, plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed *in forma pauperis* and dismiss plaintiff's complaint without prejudice, subject to refiling as a fully paid complaint.

Plaintiff, currently incarcerated at Ouachita River Correctional Unit in Malvern, Arkansas, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges.  *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).  Prisoners who have three strikes must prepay the entire filing fee in order for their case to proceed.  *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

Based on a review of cases filed by plaintiff in Arkansas District Courts, plaintiff has accumulated more than three strikes and the Eastern District Court of Arkansas has determined that, pursuant to 28 U.S.C. § 1915(g), plaintiff is not allowed to proceed *in forma pauperis*.[1]  Likewise, as far back as 2016, the Eighth Circuit Court of Appeals has also recognized plaintiff as having three strikes under 28 U.S.C. § 1915(g), and has only allowed him to proceed in appeals where he has first paid the full appellate docketing fee.[2]  Therefore, this Court would be unable to permit plaintiff to proceed *in forma pauperis* in this matter unless the "imminent danger" exception is applicable.  28 U.S.C. § 1915(g).

Pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury.  *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001).  This exception provides a "safety valve for the three strikes rule to prevent impending harms."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger

---

[1] Plaintiff has filed more than three cases in Arkansas federal courts that have been dismissed as frivolous, malicious, or for failure to state a claim.  *See Stewart v. Brewer*, No. 3:20-CV-52-KGB, ECF No. 4 at 2 (E.D. Ark. dismissed Nov. 4, 2020) (finding plaintiff a three-striker under 28 U.S.C. § 1915(g) based on dismissals: *Stewart v. Hobbs*, No. 5:13-cv-00381-JLH (E.D. Ark.); *Stewart v. Evans*, No. 5:16-cv-00081-DPM (E.D. Ark.); *Stewart v. Griffen*, No. 4:17-cv-00579-BRW (E.D. Ark.); *Stewart v. Hobbs*, No. 6:15-cv-6023 (W.D. Ark.); *Stewart v. Murphy*, No. 6:14-cv-6077 (W.D. Ark.)).

[2] *See Stewart v. Griffin*, No. 20-2514 (8th Cir. dismissed Nov. 16, 2020); *Stewart v. Evans*, No. 16-3278 (8th Cir. dismissed Nov. 8, 2016).

at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id*.

Here, plaintiff does not assert that he is in imminent danger. Plaintiff brings this action under 42 U.S.C. § 1983, alleging that in February of 1998 he was unlawfully arrested by defendant police officer Johnson, and that his vehicle (containing cash and tools) was unlawfully seized. ECF No. 1 at 4. Nothing in the complaint constitutes imminent danger of serious physical injury at the time of case filing. All of plaintiff's allegations relate to an incident that occurred over twenty-three (23) years ago. Plaintiff has thus failed to demonstrate that the exception to the three-strikes provision in § 1915(g) is applicable to him. Therefore, the Court will deny plaintiff's motion to proceed *in forma pauperis* and will dismiss this action without prejudice to plaintiff refiling a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 4] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice, subject to plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 8th day of April 2021.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE